UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN INVESTMENT REAL ESTATE TRUST, et al.,<br><br>　　　　Defendants.<br>_____<br>TEAM ENTERPRISES INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEGACY VULCAN CORP., et al.,<br><br>　　　　Defendants.<br>_____ | 1:08-cv-00872-LJO-SMS<br>1:08-cv-01050-LJO-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES 1:08-cv-00872-LJO-SMS AND 1:08-cv-01050-LJO-SMS FOR ALL PURPOSES (DOCS. 30 & 18, RESPECTIVELY)<br><br>ORDER DIRECTING THE CLERK TO CLOSE ACTION NUMBER 1:08-cv-01050-LJO-SMS<br><br>ORDER DIRECTING THE PARTIES TO FILE IN THE FUTURE ALL DOCUMENTS IN ACTION NUMBER 1:08-cv-00872-LJO-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT IN THE CONSOLIDATED ACTIONS (DOC. 36)<br><br>DIRECTIONS TO THE PARTIES RE: SERVICE OF THE FIRST AMENDED COMPLAINT AND RESPONSES THERETO |

　　Plaintiff is proceeding with civil actions in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

　　I. <u>Motions to Consolidate</u>

　　Plaintiff Team Enterprises, LLC, moves to consolidate its case, action number 1:08-cv-00872-LJO-SMS (CERCLA action), with

1

action number 1:08-cv-01050-LJO-SMS, by motion filed on August 6, 2008, in action number 1:08-cv-00872-LJO-SMS; and Plaintiff Team Enterprises Inc., moves to consolidate its case, action number 1:08-cv-01050-LJO-SMS (removed action), with action number 1:08-cv-00872-LJO-SMS, by motion filed on August 6, 2008, in action number 1:08-cv-01050-LJO-SMS. The motions were accompanied by memoranda, supporting declarations of Jenna L. Motola, Esq., and exhibits.

In action 1:08-cv-00872-LJO-SMS, no opposition or notice of non-opposition to the motion to consolidate was filed by any party. Plaintiff filed a reply noting the absence of opposition from any party.

In action 1:08-cv-01050-LJO-SMS, Defendant Legacy Vulcan Corporation served and filed a statement of non-opposition to Plaintiff's motion to consolidate on October 6, 2008. Defendants Lynette F. Branagh, Gaylon C. Patterson, Marla J. Patterson, Modesto Center Investors, LP, MCII, LP, and John A. Branagh filed a statement of non-opposition on October 7, 2008.

By separate order the Court has vacated the hearing on the motion and deemed the matter submitted for decision.

A. Legal Standards

Fed. R. Civ. P. 42(a) provides:

> a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:
> 1) join for hearing or trial any or all matters at issue in the actions;
> 2) consolidate the actions; or
> 3) issue any other orders to avoid unnecessary cost or delay.

A trial court has broad discretion to consolidate in whole or in

2

part cases pending in the same district. <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). However, it is necessary that the actions have a common question of law or fact. <u>Enterprise Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications. <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed. R. Civ. P. 42(b). The Court should weigh the interests of judicial convenience against any potential for delay, confusion, and prejudice caused by consolidation. <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u> 720 F.Supp. 805, 807 (N.D. Cal. 1989).

      B. <u>Analysis</u>

In the CERCLA action (1:08-cv-00872-LJO-SMS) filed here on June 20, 2008, Plaintiff Team Enterprises, LLC, seeks relief under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601 et seq., with respect to real property in Modesto presently or previously owned by the Defendants, for contamination with allegedly hazardous substances (dry-cleaning chemicals) at the site and surrounding areas. Plaintiff operates, and has so operated since 1980, a dry cleaning establishment on the property; the regional water quality control board has indicated that the property requires cleanup, and Plaintiff has suffered expenses in remedying

3

hazardous substances released on to the property by Defendants. (Cmplt. pp. 1-4.) Plaintiff seeks costs and a declaration that Defendants are jointly and severally liable for all the future response and remediation costs and activities at the property. (Id. at 7.)

In the removed action (1:08-cv-01050-LJO-SMS), a second amended complaint was filed which named Defendant Legacy Vulcan Corporation along with others; the complaint includes claims for indemnity with respect to hazardous substances under state statutes as well as claims for damages under theories of negligent maintenance of the property by the defendants, public and private nuisance, trespass, equitable indemnity, declaratory relief with respect to proportionate liability among the past and present owners and users of the property, waste, breach of lease, and negligent and intentional interference with contract. The relief sought includes recovery and contribution with respect to response costs regarding the release of hazardous substances in and around the property, as well as damages and a declaration of the joint and several liability of the defendants. (Second Amended Complaint pp. 1-27.)

Here, the two cases involve the same property and contamination, the same or similar parties, and similar claims. The two actions share the factual issues of determining the identity, and the extent of the responsibility, of the parties responsible for the contamination.

Further, convenience, judicial economy, and efficiency will be served by having all claims decided in the same action. Due to the relatively early procedural stages of both cases, no

4

prejudice or delay would result from consolidation. The parties apparently agree on the propriety of consolidation.

With respect to the extent of consolidation to be ordered, Plaintiff requests that the cases be "merged" so that they become a single action with a single judgment entered. The precise legal effect of consolidation is unclear, or it may vary with respect to the circumstances. See, Schnabel v. Lui, 302 F.3d 1023, 1036 (9th Cir. 2002). It is sufficient to conclude that because of the overlapping nature of the parties and claims, it is reasonable and sensible to consolidate for all purposes the two actions pursuant to Fed. R. Civ. P. 42(a)(2).

II. Motion for Leave to File a First Amended Complaint

In the CERCLA action, by motion filed on August 6, 2008, and supported by a memorandum and declaration, Plaintiff seeks leave to file a first amended complaint (FAC) to join Defendants Vulcan Materials Company, Multimatic Corporation, Multimatic LLC, the Kirrburg Corporation, and Legacy Vulcan Corporation with respect to the CERCLA claims; and to add a claim under CERCLA § 113(f) in response to CERCLA cross-claims brought against Team. Defendants MCII, LP, John A. Branagh, Lynette F. Branagh, Gaylon C. Patterson, Marla J. Patterson, and Modesto Center Investors, LP, filed a statement of non-opposition to the motion on October 7, 2008.

By separate order, the hearing on the motion has been vacated, and the matter has been submitted to the Court.

A. Legal Standards

Fed. R. Civ. P. 15(a) provides in pertinent part:

**a) Amendments Before Trial**.

5

>**(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
>(A) before being served with a responsive pleading; or
>(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
>**(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Although the rule is to be construed liberally, leave to amend is not automatically granted. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990). In determining whether the Court should exercise its discretion to allow amendments, the following factors should be considered: (1) whether the movant unduly delayed seeking leave to amend, or acted in bad faith or with dilatory motive; (2) whether the party opposing amendment would be unduly prejudiced by the amendment; 3) whether there have been repeated failures to cure, and (4) whether amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). However, in the absence of any apparent or declared reasons, such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of agreement, and so forth, leave should be freely given. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Analysis

Here, the action has just begun; the complaint was filed about four months ago, and it appears that discovery has not yet commenced. Many of the parties sought to be added as defendants are already named as defendants in the consolidated, removed

6

action. Defendants Pan Pacific, PK II, and Kimco have each brought cross-claims under CERCLA § 107(a) against Plaintiff, alleging that Plaintiff is liable for response costs allegedly incurred by the three defendants. It is in response to these claims that Plaintiff seeks to add a responsive CERCLA contribution claim to the complaint.

There has been no undue delay, and there are no indicia of bad faith or dilatory motive or conduct. There is no indication that Defendant would be prejudiced by any delay. There appear to be valid claims stated.

The Court therefore exercises its discretion to grant Plaintiff's motion.

### III. State Claims

Plaintiff requests that if consolidation is denied and a motion to dismiss is granted, the Court exercise its discretion to allow Plaintiff to add the state court claims. Because the Court has granted consolidation, this request is denied as moot.

### IV. Administrative Matters

#### A. Service of, and Response to, Amended Complaint

Defendant Vulcan and Plaintiff express disagreement and/or uncertainty as to the necessity, form, and timing of service of the first amended complaint on Defendant Legacy Vulcan Corporation.

In the interest of the efficient and cautious administration of justice, it will be ordered that Plaintiff serve Defendant Vulcan with the amended complaint pursuant to Fed. R. Civ. P. 4, not Rule 5.

Further, pursuant to Fed. R. Civ. P. 15(a)(3), the Court

7

will set a time for the serving and filing of responses to the amended complaint.

### B. Scheduling

Plaintiff requests that if the motion to consolidate is granted, the current schedule for the CERCLA case should operate as the schedule for the merged case.

The Court declines to consider scheduling of the case at this juncture, and thus the request is denied without prejudice to seeking the relief in connection with the scheduling conference, presently set for December 18, 2008, at 8:45 a.m., in courtroom 4, before District Judge Lawrence J. O'Neill.

### V. Disposition

Accordingly, it IS ORDERED that

1) Plaintiff's motion to consolidate actions 1:08-cv-00872-LJO-SMS with action number 1:08-cv-01050-LJO-SMS IS GRANTED, and the actions ARE CONSOLIDATED for all purposes; and

2. The parties ARE DIRECTED TO FILE all future papers in action number 1:08-cv-00872-LJO-SMS with a caption of <u>Team Enterprises, LLC v. Western Investment Real Estate Trust</u>; and

3. The Clerk of Court IS DIRECTED to file all future papers in action number 1:08-cv-00872-LJO-SMS, and to close action number 1:85-cv-01050-LJO-SMS; and

4. Plaintiff's motion for leave to file a first amended complaint in the consolidated actions IS GRANTED, and Plaintiff IS DIRECTED TO FILE no later than ten days after the date of this order a first amended complaint identical with the proposed first amended complaint previously lodged with the Court; and

5. Plaintiff SHALL SERVE Defendant Vulcan with the first

8

amended complaint pursuant to Fed. R. Civ. P. 4; and

    6. Plaintiff SHALL PROCEED FORTHWITH to effect all necessary service of the first amended complaint on all parties; and

    7. The time for serving and filing any response to the first amended complaint SHALL BE NO LATER THAN thirty days after the date of service of the first amended complaint; and

    7. The parties' request that specific deadlines or dates be set in the consolidated cases IS DENIED without prejudice to the parties' requesting dates in connection with the previously set scheduling conference.

IT IS SO ORDERED.

**Dated:   October 20, 2008**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE