IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>WESTERN INVESTMENT REAL<br>ESTATE TRUST, et. al,<br><br>            Defendants.<br>_____/<br>AND RELATED CROSS-ACTIONS.<br>_____/ | CASE NO. CV F 08-0872 LJO SMS<br><br>**ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE PUNITIVE DAMAGES PRAYER**<br>(Doc. 33.) |

**INTRODUCTION**

In this environmental cost recovery action, plaintiff Team Enterprises, LLC ("Team") seeks to dismiss defendant PK II Century Center LP's ("PK's") fraud/constructive fraud counterclaim[1] as previously adjudicated. Team further seeks to dismiss counterclaims of PK and other defendants[2] as duplicative of those alleged in a previously related, but now consolidiated, action alleging state law

---

[1] The parties appear to confuse counterclaims and crossclaims. In federal court, a counterclaim is against an opposing party and a crossclaim is against a co-party. *See* F.R.Civ.P. 13(a), (g). This Court will refer to defendants' claims against Team as counterclaims, as they pertain to federal court proceedings.

[2] The other defendants are Pan Pacific Retail Properties, Inc. ("Pan Pacific") along with John Branagh, Lynette Branagh, Gaylon Patterson, Marla Patterson, Modesto Center Investors, LP and MC II, LP (collectively the "Modesto Center defendants)."

1

claims which were not at issue in this action prior to consolidation. In addition, Team seeks to strike the prayer for punitive damages in PK's counterclaim. PK, Pan Pacific and the Modesto Center defendants contend that their challenged counterclaims are unique to Team's state law claims to preclude their dismissal. This Court considered Team's F.R.Civ.P. 12(b)(6) motion to dismiss and F.R.Civ.P. 12(f) motion to strike on the record and VACATES the November 13, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice PK's fraud/constructive fraud counterclaim, strikes PK's punitive damages prayer, and ORDERS PK, Pan Pacific and the Modesto Center defendants to file amended counterclaims given that Team proceeds in this now consolidated action on a first amended complaint.

## BACKGROUND

### Dry Cleaning Contamination

Since March 1980, Team has operated an One Hour Martinizing dry cleaner at a Modesto shopping center ("property") as a leasee. During 1980 to 2004, perchloroethylene ("PCE"), a chlorinated solvent commonly used in dry cleaning, was used at the property. California identifies PCE as a hazardous substance.

In June 2004, Team discovered the property's contamination, settled with the City of Modesto to investigate and clean up contamination, and agreed to pay the Regional Water Quality Control Board's oversight of remedial work. PK and Pan Pacific claim that since September 2006, Team has halted its remedial efforts and turned to suing property owners for remedial costs.

### State Claims Action

On September 19, 2006, Team filed its Stanislaus County Court action entitled *Team Enterprises, Inc. v. Century Centers, Ltd., et al.,* to allege environmental contamination claims under common law, state environmental statutes and contract against numerous defendant property owners and leasees and PCE manufacturers. PK, Pan Pacific and the Modesto Center defendants brought cross-complaints[3] against TEAM to allege common law, state environmental statute and contract claims. PK brought a twelfth crossclaim for fraud/constructive fraud that Team failed to comply with its

---

[3] In California courts, a defendant may bring an action against a plaintiff by a cross-complaint. *See* Cal. Code Civ. Proc., § 428.10.

2

representations and obligations to prevent and redress discharge of hazardous substances at the property to induce PK to continue to lease to Team. PK alleged damages of costs to respond to contamination claims by regulatory agencies. The Stanislaus Superior Court issued its June 18, 2007 orders to sustain Team's demurrer, without leave to amend, to PK's fraud/constructive fraud crossclaim and to strike PK's punitive damages prayer.

### Federal Action

On June 20, 2008, Team filed this action against 12 property owners and related parties to allege a sole contribution cause of action under 42 U.S.C. § 9607(a) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"). In July 2008, PK, Pan Pacific and the Modesto Center defendants filed counterclaims against Team to allege the same causes of action as they alleged in their crossclaims against Team in the Stanislaus County Superior Court action. PK's counterclaim includes a (sixteenth) fraud/constructive fraud cause of action similar to one dismissed by the Stanislaus County Superior Court. PK's counterclaim also includes a prayer for punitive damages.

### Removal Of State Claims Action

On July 21, 2008, defendant Legacy Vulcan Corp. removed the Stanislaus County Superior Court action to this Court as *Team Enterprises, Inc. v. Century Centers, Ltd., et al.,* Case No. CV F 08-1050 LJO SMS ("Case No. 08-1050"). Team filed a motion to amend its complaint in this action to combine its CERCLA contribution cause of action with its common law, state environmental statute and contract claims. Team has also filed a motion to consolidate this action with Case No. 08-1050. U.S. Magistrate Judge Sandra Snyder's October 23, 2008 order granted Team's motions to amend its complaint and to consolidate this action with 08-1050.

Team proceeds with its motion to dismiss as duplicative PK, Pan Pacific and the Modesto Center defendants' counterclaims against Team alleging the same causes of action as were pending in their Case No. 08-1050 counterclaims previously filed before the Stanislaus County Superior Court. Team further seeks to dismiss PK's fraud/constructive fraud counterclaim and to strike PK's prayer for punitive damages.

/ / /

/ / /

## DISCUSSION

### F.R.Civ.P. 12 Standards

Claim preclusion or res judicata may be raised by a F.R.Civ.P. 12(b)(6) motion when "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir.1956). Moreover, on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a F.R.Civ.P. 12(b)(6) motion to a summary judgment motion. *Mack v. Soutn Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds*, *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991); *see Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C.Cir.1979).

F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

With these standards in mind, this Court turns to Team's challenges to PK, Pan Pacific and the Modesto Center defendants' counterclaims.

### PK's Fraud/Constructive Fraud Counterclaim

Team contends that PK's sixteenth fraud/constructive fraud counterclaim alleged in this action should be dismissed in that the Stanislaus County Superior Court dismissed PK's similar claim prior to

removal to this Court.  As an alternative to dismissal, PK seeks to allege "on information and belief" that since June 18, 2007, "Team has engaged in ongoing, anticompetitive business practices, which are directed toward the public and PK II's right to protection from fraud, deceit, and unlawful conduct."

To determine preclusive effect of a state court judgment, a federal court looks to state law. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Res judicata "precludes parties or their privies from litigating a *cause of action* that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal.App.4th 725, 734, 97 Cal.Rptr.2d 110 (2000) (internal quotation marks omitted; italics in original.)  "[D]ismissal of [a] California superior court complaint with prejudice is a final judgment on the merits."  *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1053 (citing *Rice*, 81 Cal.App.4th at 733-734, 97 Cal.Rptr.2d 110)).

"A judgment sustaining a demurrer will operate as a bar to a subsequent action if the new complaint states the same facts, and the sustention is based on substantive grounds rather than on formal matters of pleading." *Morris v. County of Tehama*, 795 F.2d 791, 794 (9th Cir. 1986) (citing *Goddard v. Security Title Insurance & Guarantee Co.*, 14 Cal.2d 47, 52, 92 P.2d 804 (1939)).  Moreover, "[w]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937).

PK does not challenge that the Stanilaus County Superior Court dismissed its fraud/constructive fraud claim to render it precluded by res judicata.  PK seeks to allege "on information and belief" new facts arising since Team's June 18, 2007 successful demurrer of PK's fraud/constructive fraud claim. PK points to no specific facts to supplement its fraud/constructive fraud claim and offers generalities of "anticompetitive business practices" and "bad faith," matters sounding in theories other than fraud/constructive fraud.  PK provides this Court nothing meaningful to warrant supplementation of its fraud/constructive fraud claim with facts arising after Team's successful demurrer.  PK's (sixteenth) fraud/constructive fraud counterclaim is subject to dismissal without leave to amend.

### PK's Punitive Damages Prayer

PK's counterclaim in this action includes a prayer for "punitive and exemplary damages . . . because TEAM's conduct was so outrageous and oppressive as to demonstrate a conscious and/or reckless disregard for human health and safety and the environment."  The Stanislaus County Superior

5

Court struck an identical punitive damages prayer from PK's cross-complaint prior to removal. Team concludes that since PK's fraud/constructive fraud claim in this action fails, so does its prayer for punitive damages.

PK does not challenge that the Stanilaus County Superior Court struck the punitive damages prayer to render it precluded by res judicata. The punitive damages prayer is stricken given the Stanislaus County Superior Court's prior order and dismissal of the PK's fraud/constructive fraud claim.

### Duplicative Counterclaims

Team contends that many of PK, Pan Pacific and the Modesto Center defendants' counterclaims in this action were pending as crossclaims in the Stanislaus County Superior Court prior to removal to this Court as Case No. 08-1050. As such, Team argues there are duplicative counterclaims against it arising from those originally alleged in this action and Case No. 08-1050 prior to consolidation. Team proposes to require amended counterclaims in light of Team's recently approved and operative first amended complaint.

Parties "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3rd Cir. 1977)). A "suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223-224 (7th Cir. 1993).

A court facing duplicative actions may: (1) stay the second action; (2) dismiss the second action without prejudice; (3) enjoin the parties from proceeding with the second action; or (4) consolidate the two actions. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000). "Of course, simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138. As to consolidation, the Third Circuit Court of Appeals has observed:

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm provided that the district court carefully insures that the plaintiff does not use the tactic of filing two

1 | substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.

*Walton v. Eaton*, 563 F.2d 66, 71 (3rd Cir. 1977).

"The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising discretion." *Curtis*, 226 F.3d at 138.

### *PK's Counterclaims*

Team seeks to dismiss PK's following counterclaims as duplicative of those originally filed in Case No. 08-1050:

1. Sixth Counterclaim for Contribution Under Hazardous Substance Account Act;
2. Eighth Counterclaim for Contribution;
3. Ninth Counterclaim for Breach of Contract/Breach of Lease;
4. Tenth Counterclaim for Express Contractual Indemnity;
5. Eleventh Counterclaim for Equitable Indemnity and Recovery of Attorneys' Fees under CCP 1021.6;
6. Twelfth Counterclaim for Negligence;
7. Thirteenth Counterclaim for Negligence Per Se;
8. Fourteenth Counterclaim for Nuisance;
9. Fifteenth Counterclaim for Continuing Public Nuisance;
10. Sixteenth Counterclaim for Fraud/Constructive Fraud;
11. Seventeenth Counterclaim for Business & Professions Code § 17200; and
12. Eighteenth Counterclaim for Declaratory Relief under State Law.

### *Pan Pacific's Counterclaims*

Team seeks to dismiss Pan Pacific's following counterclaims as duplicative of those originally filed in Case No. 08-1050:

1. Sixth Counterclaim for Contribution Under Hazardous Substance Account Act;
2. Eighth Counterclaim for Contribution;
3. Ninth Counterclaim for Breach of Contract/Breach of Lease;

  4. Tenth Counterclaim for Express Contractual Indemnity;

  5. Eleventh Counterclaim for Equitable Indemnity and Recovery of Attorneys' Fees under CCP 1021.6;

  6. Twelfth Counterclaim for Negligence;

  7. Thirteenth Counterclaim for Negligence Per Se;

  8. Fourteenth Counterclaim for Trespass;

  9. Fifteenth Counterclaim for Nuisance;

  10. Sixteenth Counterclaim for Continuing Public Nuisance; and

  11. Seventeenth Counterclaim for Declaratory Relief under State Law.

PK and Pan Pacific contend that upon consolidation of this action and Case No. 08-1050, their counterclaims will not be duplicative because "they will be aggregated in one action."

### *Modesto Center Defendants' Counterclaims*

Team seeks to dismiss the Modesto Center defendants' following counterclaims as duplicative of those originally filed in Case No. 08-1050:

  1. Second Cause of Action for Equitable Indemnity;

  2. Third Cause of Action for Common Law Contribution;

  3. Fourth Cause of Action for Express Contractual Indemnity;

  4. Fifth Cause of Action for Breach of Contract; and

  5. Sixth Cause of Action for Declaratory Relief under State Law.

The Modesto Center defendants argue that their counterclaims "are unique to the action in which they have been asserted" in that they "arise under different laws and seek different remedies" based on Team's differing federal and state law claims.[4]

The key issue is whether PK, Pan Pacific and the Modesto Center defendants' counterclaims involve the "same subject matter." Prior to consolidation, Team in this action pursued a sole CERCLA contribution claim. Prior to consolidation, Team in Case No. 08-1050 alleged environmental contamination claims under common law, state environmental statutes and contract. Consolidation and

---

[4] This Court recognizes that PK, Pan Pacific and the Modesto Center defendants filed their opposition papers prior to consolidation of this action and Case No. 08-1050.

Team's operative first amended complaint have combined in this consolidated action all of Teams federal and state law claims.

Prior to consolidation, PK and Pan Pacific pursued in this action and in Case No. 08-1050 counterclaims seeking or sounding in contribution, breach of contract, indemnity, negligence, nuisance, and declaratory relief. Prior to consolidation, the Modesto Center defendants in this action and in Case No. 08-1050 pursued counterclaims seeking or sounding in indemnity, contribution, breach of contract and declaratory relief. The counterclaims at issue are duplicative in that they involve the same subject matter although such duplication arose at least in part from the procedural quagmire of Team's two former separate actions pursuing alternative federal and state law claims.

This Court agrees with Team's proposal to require PK, Pan Pacific and the Modesto Center defendants to file amended counterclaims, which presumably will eliminate the duplication issue given Team's first amended complaint. Amended counterclaims are the most expedient means for PK, Pan Pacific and the Modesto Center defendants to pursue their claims against Team and will supercede PK, Pan Pacific and the Modesto Center defendants' counterclaims filed in this action and Case No. 08-1050 prior to consolidation.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice PK's sixteenth counterclaim for fraud/constructive fraud;
2. STRIKES the paragraph 12 punitive damages prayer from PK's counterclaim; and
3. ORDERS PK, Pan Pacific and the Modesto defendants to file amended counterclaims when they file an answer to Team's then operative complaint and in compliance with this order and, as applicable, Magistrate Judge Snyder's October 23, 2008 order.

IT IS SO ORDERED.

Dated:   November 6, 2008            /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE