# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLP,<br><br>            Plaintiff,<br><br>      v.<br><br>WESTERN INVESTMENT REAL<br>ESTATE TRUST, et al.,<br><br>            Defendants.<br>_____/<br>PAN PACIFIC RETAIL PROPERTIES, INC.,<br>PK II, CENTURY CENTER, LP and<br>KIMCO REALTY CORPORATION,<br><br>            Third Party Plaintiffs,<br>      v.<br><br>TEAM ENTERPRISES, INC., THOMAS<br>JONES, FREDERIC P. JONES, ERIC<br>JONES,<br><br>            Third-Party Defendants.<br>_____/ | CASE NO. CV F 08-0872 LJO SMS<br><br>**ORDER ON MOTION TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT ON THE THIRD PARTY COMPLAINT**<br>(Doc. 183 and 184) |

In this environmental cost recovery action, two motions are pending before this Court:

1. Motion to Dismiss, Strike and for a More Definite Statement of the Third Party Complaint of Pan Pacific Retail Properties, PK II, Century Center LP, and Kimco Realty Corporation by Third Party Defendant Team Enterprises, Inc.

2. Motion to Dismiss and Strike the Third Party Complaint of Pan Pacific Retail Properties, PK II, Century Center LP, and Kimco Realty Corporation by Third Party Defendants Thomas Jones, Frederic P. Jones and Eric Jones.

1

# **BACKGROUND**

Since March 1980, Team Enterprises, Inc. has operated a One Hour Martinizing dry cleaner at a Modesto shopping center ("property") as a leasee. (Doc. 183, Moving papers p. 2.) During 1980 to 2004, PCE, a hazardous substance defined by California, was used at the property. The Regional Water Quality Control Board, Central Valley Region, the California agency which supervises remediation of groundwater contamination, has indicated that the property requires clean up.

On May 5, 2009, Team Enterprises, LLC, formerly known as Team Enterprises, Inc., filed its Third Amended Complaint alleging federal and California groundwater contamination claims arising from the PCE use. The complaint names numerous property owners and leasees, among others, as defendants. (Doc. 211.) As relevant to the current motions, the Third Amended Complaint names PanPacific Retail Properties, PK II, Century Center LP, and Kimco Realty Corporation (collectively referred to as "PanPacific"), who are the current and former owners of the property. The Third Amended Complaint alleges that property owners released "hazardous substances onto the Property, and surrounding properties, soils, and groundwater."

In turn, PanPacific filed a Third Party Complaint on March 13, 2009. The Third Party Complaint ("TPC") names as Third Party Defendants Team Enterprises, Inc., Thomas Jones, Frederic P. Jones and Eric Jones (collectively "Team Third Parties"). The TPC alleges that Thomas Jones, Frederic P. Jones and Eric Jones (the "Joneses") are officers and operators of Team Enterprises, Inc. (Doc. 140, TPC ¶5-8.) The TPC alleges that the Team Third Parties caused the pollution and contamination on the property. The TPC alleges causes of action for:

1. First cause of action - Cost Recovery under Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")
2. Second cause of action - Contribution under CERCLA
3. Third cause of action - Declaratory Judgment under CERCLA
4. Fourth cause of action - Personal Liability under CERCLA pursuant to the Corporate Officer Doctrine
5. Fifth cause of action - Injunctive relief and Attorney's fees
6. Sixth cause of action - Injunctive Relief and attorney's fees

| | | |
|---|---|---|
| 1 | 7. | Seventh cause of action - Contribution under Hazardous Substance Account Act |
| 2 | 8. | Eighth cause of action - Declaratory Relief under Hazardous Substance Account Act |
| 3 | 9. | Ninth cause of action - Contribution |
| 4 | 10. | Tenth cause of action - Breach of Contract/Breach of Lease |
| 5 | 11. | Eleventh cause of action - contractual indemnity |
| 6 | 12. | Twelfth cause of action - Equitable Indemnity and Attorney fees under CCP 1021.6 |
| 7 | 13. | Thirteenth cause of action - Negligence |
| 8 | 14. | Fourteen cause of action - Negligence per se |
| 9 | 15. | Fifteen cause of action - Nuisance |
| 10 | 16. | Sixteen cause of action - Continuing Public Nuisance |
| 11 | 17. | Seventeenth cause of action - Trespass |
| 12 | 18. | Eighteenth cause of action - Waste |
| 13 | 19. | Nineteenth cause of action - Unfair business practices, Bus. & Code §17200 |
| 14 | 20. | Twentieth cause of action - declaratory relief. |

The Team Third Parties move to dismiss the TPC for failure to state a claim for relief, move for a more definite statement pursuant to Fed.R.Civ. P. 12(e) and move to strike pursuant to Fed.R.Civ.P. 12 (f).[1]

**ANALYSIS AND DISCUSSION**

A.  **F.R.Civ.P. 12(b)(6) Standards**

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

---
[1] The Joneses join in all of Team's arguments and independently move to dismiss the Fourth Cause of Action.

cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). With these standards in mind, this Court addresses the merits of the motion.

**B.     Team's Challenges that the TPC Fails to Comply with Rule 14**

### 1.     A Third Party Complaint Must be Against a Non-Party

Team Third Parties argue that the TPC must be dismissed for failure to comply with Rule 14 because the TPC names a party already a party to the action. The TPC names "Team Enterprises, Inc." as a third party defendant. (Doc. 140, TPC (Emphasis added).) Team Third Parties argues "Team Enterprises, Inc." is the same as "Team Enterprises, LLC because "Inc." was converted to the "Team Enterprises, LLC." Since "Team Enterprises, LLC" is already a party to the action, the TPC must be dismissed. (Doc. 183, Team's moving papers p.3.)

PanPacific argues that "Team Enterprises, Inc." is a separate and distinct corporate entity from "Team Enterprises LLC." PanPacific argues that Team Enterprises Inc. remains an active corporation with the California Secretary of State and was the operator of the dry cleaning business on the property at all times. (Doc. 205, Opposition p.4.)

Pursuant to Rule 14, impleader is the procedure by which a defending party may join third persons in order to transfer liability being asserted against it in the underlying lawsuit. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a) (emphasis added). Impleader is limited to claims against third parties that are derivatively based on the original plaintiff's claim. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied*, *Webb v. U.S.*, 464 U.S. 1071 (1984). "The purpose of ... rule [14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986), *cert. denied*, 479 U.S. (1987). PanPacific does not dispute that a third party complaint cannot be asserted against an entity already a party to the action.

Here, Team Third Parties argue that "Team Enterprises Inc." and "Team Enterprises LLC." are the same party. Team submits two documents for the proposition that the "Team Enterprises Inc." was converted to the "Team Enterprises LLC:" (1) A Certificate of Organization by Conversion recorded in the City of Santa Fe, N.M., and (2) Agreement of Conversion recorded in the City of Santa Fe, N.M. (Doc. 183-3, Request for Judicial Notice.) Team Third Parties ask the Court to take judicial notice that Team Enterprises, Inc. was converted to Team Enterprises, LLC in March 27, 2008.

A Rule 12(b)(6) motion is generally a facial challenge to the complaint. The court cannot consider material outside the complaint, such as facts presented in briefs. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The court, however, may take judicial notice of any fact which is "...not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The court may also take judicial notice of its own records. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Here, the Court may take judicial notice of the existence and filing of the Certificate and the Agreement. The Court, however, may not take judicial notice of the contents of these documents or their legal effect. The existence and authenticity of a document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, public proceeding, or

5

census report, which are matters of public record, but the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not. *See e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The documents' contents and the legal effect of their filing are improper subjects for judicial notice pursuant to Fed.R.Evid. 201. Accordingly, the Court does not take judicial notice that the "Inc." was converted to an "LLC."

Team argues that PanPacific's earlier pleadings recognize Team's corporate history and the conversion from a corporation to an LLC. (Doc. 183, Moving papers p. 5.) Team notes that PanPacific's counterclaims acknowledged "Team Enterprises, LLC (formerly known as Team Enterprises, Inc. and collectively referred to as 'Team')," citing Doc. 84 (counterclaim at p. 31) and 89 (counterclaim at ¶4.)

At this stage of the litigation, the Court does not make the factual determination of whether PanPacific has admitted the corporate status. Statements in a pleading may be party admission. *See Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989) (a prior pleading may be admissible in evidence against the pleader as an admission or prior inconsistent statement.) However, the factual representations may be explained. *Contractor Util. Sales Co., Inc. v. Certainteed Prods. Corp.,* 638 F.2d 1061, 1084 (7th Cir. 1981); *InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003) (information may be learned through discovery). Accordingly, whether the Team Enterprises, <u>Inc.</u> was converted to the Team Enterprises, <u>LLC</u> will be subject to proof. The motion to dismiss on this point is denied.

**2. The Derivative Liability in a Third Party Complaint**

The Team Third Parties argue the TPC fails to comply with Rule 14 because derivative liability is not alleged. Team argues a third party complaint may be maintained only for claims that are derivatively based upon the plaintiff's claims in the action. Team argues that PanPacific does not acknowledge liability and thus there is no "derivative" liability at issue.

PanPacific argues that the TPC conforms with Rule 14 because it arises from the same transactions as the underlying complaint. The TPC is based upon the filing of Team's original complaint in which Team alleges PanPacific is liable to Team. Thus, the allegations of PanPacific's liability based upon the complaint are sufficient for derivative liability. (Doc. 205, Opposition p. 3-4.)

Impleader is limited to claims against third parties that are derivatively based on the original plaintiff's claim. *United States v. One 1977 Mercedes Benz*, 708 F.2d at 452. Whether a claim is derivative is whether third-party claim "may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d at 452. Derivative means that the third party complain arises from more than merely the same set of facts or transactions. The alleged third-party claim arises merely "from the same transaction or set of facts as the original claim is not enough." *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir.1988). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *One 1977 Mercedes Benz, 450 SEL*, 708 F.2d at 452. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. *Stewart v. American Intern. Oil & Gas Co.,* 845 F.2d 196, 200 (9th Cir.1988) (the third-party complaint bore no relation whatsoever to the original complaint and failed to show derivative or secondary liability on the part of Liberty or Transworld).

Team reads the term "derivative" too narrowly. PanPacific, as third party plaintiff, is not required to admit the underlying liability to bring a third party complaint. "It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for <u>some or all</u> of the defendant's liability to plaintiff." *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D.Cal.1991) (emphasis added). PanPacific alleges that it may be liable for Team's operations. In light of Rule 14's purpose, "it is construed liberally in favor of allowing impleader." *FDIC v. Loube*, 134 F.R.D. at 272. The motion on this point is denied.

**C.     Challenges that Causes of Action Fail to State a Claim**

      **1.     Tenth and Eleventh Causes of Action**

The tenth cause of action alleges breach of contract and the eleventh cause of action alleges indemnity. The breach of contract is based upon an alleged unauthorized assignment of the lease agreement in 2008. Team Third Parties argue that no assignment was made because a change of form, from an "Inc." to an "LLC," is not an assignment. Further, Team argues that both causes of action

should be dismissed because PanPacific and Kimco were not parties to the lease. Team argues that neither PanPacific nor Kimco were owners of the property or had a lease with Team in 2008 when the lease was allegedly "assigned." (Doc. 183, Moving Papers p.7.)

In opposition, PanPacific argues that it adequately plead a breach based on an assignment of the lease. PanPacific further argues that while PanPacific and Kimco were not owners of the property in 2008, at the time of assignment, other provisions of the lease were breached. (Doc. 205, Opposition p. 5-6.) PanPacific cites various other provisions of the lease which were allegedly breached.

In the TPC, PanPacific alleges that the lease required Team to maintain the premises in good order, comply with all laws, and required Team not to commit waste and to indemnity the owners. (Doc. 140, TPC ¶18.) PanPacific alleges that Team failed to comply with "minimum commercial, professional and regulatory standards" and failed to act "in compliance with the law." (Doc. 140.) These allegations are incorporated into the 10th and 11th causes of action. While not a model of clarity, the TPC contains allegations which may support other breaches of contract.

This court must liberally construe the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (The complaint must be construed on the assumption that all of its allegations are true ... even if doubtful in fact.) The Court will grant the motion as to these two causes of action with leave to amend to clarify the breaches of contract and the parties alleged to have breached the contracts.

**2.    Joint and Several Liability is a Prerequisite for Equitable Indemnity**

Team Third Parties argue that the equitable indemnity claim in the twelfth cause of action must be dismissed because PanPacific failed to plead joint and several liability. Team argues that a claim for equitable indemnity may only be brought where the parties are jointly and severally liable for injury.

The doctrine of equitable indemnity is premised upon the principle that, as a matter of fairness, joint tortfeasors should share the burden of discharging the legal obligation to the injured party for the damages caused by their mutual negligence. *Miller v. Ellis*, 103 Cal.App.4th 373, 126 Cal. Rptr. 2d 667 (2002). A condition of equitable indemnity is that there must be some basis for tort liability against the proposed indemnitor, usually involving breach of a duty owed to the underlying plaintiff. *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 49 Cal. Rptr. 3d 609 (2006).

Joint and several liability is a prerequisite for equitable indemnity. *Leko v. Cornerstone Building Inspection Service*, 86 Cal. App. 4th 1109, 1115, 103 Cal. Rptr. 2d 858 (2001). The doctrine stems from concern for a tortfeasor who must pay damages disproportionate to the harm they caused, and allows one tortfeasor to sue the other for indemnity. *Leko*, 86 Cal.App.4th at 1115. Thus, the doctrine applies only among defendants who are jointly and severally liable to the plaintiff. *BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.*, 119 Cal. App. 4th 848, 14 Cal. Rptr. 3d 721 (2004). Joint and several liability in the context of equitable indemnity is fairly expansive; it is not limited to the old common-law term "joint tortfeasor," but can apply to acts that are concurrent or successive or joint or several, as long as they create a detriment caused by several actors. *BFGC Architects Planners,* 119 Cal. App. 4th at 852.

Absent joint and several tort liability by both PanPacific and Team Third Parties to a third party, PanPacific cannot maintain an action for equitable indemnity. PanPacific fails to allege the requisite joint and several liability. See e.g., *Santa Clara Valley Water Dist. v. Olin Corp.*, 2007 WL 2890390, 3 (N.D.Cal. 2007). Accordingly, the motion will be granted with leave to amend.

### 3. Causes of Action Barred by the Statute of Limitations

Team argues that the three year statute of limitations, Code Civ.Proc. §338, bars the causes of action for negligence (13th Cause of Action), negligence per se (14th Cause of Action), nuisance (15th Cause of Action), trespass (17th Cause of Action), and waste (18th Cause of Action). PanPacific argues that the claims are not barred by the statute of limitations because the harm that was caused is a continuing harm. PanPacific argues that the allegations of the TPC establish ongoing conduct which form the basis of these claims, citing to TPC ¶29, ¶32 and ¶33, a failure to act[2] and concealment.[3] PanPacific argues that the harm is continuing in nature and has not been abated. (Doc. 205, Opposition,

---

[2] Third party defendants acted with negligent, oppressive or malicious conduct "in connection with their generation, release, discharge, handling, collection, storage, processing, and/or disposal of the hazardous substances." (Doc. 140, TPC ¶29.)

[3] Paragraph 32 of the TPC alleges that Third Party Defendants "concealed their intention to abandon all investigation and remediation efforts." (Doc. 140, TPC ¶32.) Paragraph 33 alleges "Third-Party Plaintiffs are informed and believe, and on that basis allege, that Third-Party Defendants acted wrongfully and/or negligently in (a) failing to meet commercial or professional standards, (b) failing to comply with environmental laws and regulations, (c) contaminating the Property, and (d) ceasing in bad faith their efforts to investigate and clean up the Property under the oversight of the Regional Board." (Doc. 140, TPC ¶33.)

9

p.7-8.)

A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682.

The TPC alleges that from March 1980 to 2004, Team and the Joneses "released" and "discharged" "various hazardous substances" from the drycleaning business. (Doc. 140, TPC ¶9-20.) A prohibited "discharge or release" refers to "a movement of chemicals from a confined space into the land or the water." *Consumer Advocacy Group, Inc. v. Exxon Mobil Corp.*, 104 Cal.App.4th 438, 441, 450, 128 Cal.Rptr.2d 454, 456, 463 (2002). It does not include the "passive migration" or "continued presence" of a toxic chemical in the land. *Id.*

PanPacific's argument that the statute of limitations has yet to run because Team's actions are "ongoing" is unavailing. PanPacific does not argue that continuing <u>violations</u> are occurring, but instead focuses on the <u>harmful effects</u> of acts after 2004. Harmful effects are irrelevant for statute of limitations purposes. Only a continuing violations are relevant. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." See *Garcia v. Brockway*, 526 F.3d 456, 462-63 (9th Cir. 2008) (*en banc*) (holding the continuing violation doctrine inapplicable in an action claiming violations of design and construction requirements notwithstanding any continuing "ill effects" of the improper design and construction). Thus, ill effects of contamination do not constitute "continuing violations."

PanPacific presents authority for the proposition that a nuisance and a trespass may be continuing or permanent.

An action alleging a continuing nuisance may be maintained at any time before the nuisance is abated or within three years thereafter. *Mangini v. Aerojet-General Corp. (Mangini II)*, 12 Cal.4th 1087, 1093, 51 Cal.Rptr.2d at 275 (1996). In *Mangini v. Aerojet-General Corp. (Mangini I)*, 230 Cal.App.3d 1125, 1148, 281 Cal.Rptr. 827 (1991), the court held that plaintiffs whose land had been contaminated by toxic waste were entitled to amend their complaint to allege facts establishing that the nuisance was

10

abatable and hence continuing. A nuisance cause of action may be stated even though continuing presence of the environmental contamination also constitutes a trespass. *Mangini v. Aerojet-General Corp.*, 230 Cal.App.3d at 1136 (hazardous substance invasion of plaintiff's property, otherwise amounting to trespass, "may also constitute a nuisance under the statutes").

Team Third Parties do not dispute that a nuisance and trespass claims may be maintained where the ill effects of the contamination are continuing. (See Doc. 214, Joint Reply Brief p. 7.) Accordingly, the Court will grant the motion as to the causes of action for negligence (13th Cause of Action), negligence per se (14th Cause of Action), and waste (18th Cause of Action) action with leave to amend and deny the motion as to the nuisance and trespass causes of action (15th and 17th Causes of Action).

### 4. Corporate Officer Doctrine

The Joneses move to dismiss the fourth cause of action on the grounds that there is no authority under CERCLA for personal liability pursuant to the Corporate Officer Doctrine. CERCLA only authorizes cost recovery or contribution. See 42 U.S.C. §9607, 113(f). The Joneses acknowledge that individuals may be held liable under CERCLA, but that a separate claim for relief is not authorized.

CERCLA was enacted in 1980 to provide effective responses to health and environmental threats posed by hazardous waste sites. *United States v. Burlington Northern & Santa Fe Ry. Co.*, 479 F.3d 1113, 1124 (9th Cir. 2007). A key CERCLA purpose is to shift "the cost of cleaning up environmental harm from the taxpayers to the parties who benefitted from the disposal of the wastes that caused the harm."[4] *EPA v. Sequa Corp. (In the Matter of Bell Petroleum Servs., Inc.)*, 3 F.3d 889, 897 (5th Cir. 1993). CERCLA is a "super-strict" liability statute. *Burlington Northern*, 479 F.3d at 1124. "[L]iability is joint and several when the harm is indivisible." *Burlington Northern*, 479 F.3d at 1125.

The Joneses' argument that their liability cannot be set out in a separate claim is without merit. PanPacific alleges the fourth cause of action on the basis of "operator" liability. CERCLA permits

---

[4] Section 113(f)(1) of the Superfund law authorizes any person who incurs costs in cleaning up a toxic-waste site to "seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title.... In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). Section 107(a)(1), 42 U.S.C. § 9607(a)(1), a part of the statutory provision to which section 113(f)(1) refers, includes in the set of potentially liable persons anyone who owned or operated a landfill when a hazardous substance was deposited in it.

corporation officer's or director's direct liability for his own actions in operating a facility. A person may face a direct liability theory as an "operator" where the particular director, officer or shareholder actively participated in day-to-day management of the polluting facility. *See Browning-Ferris Industries of Ill., Inc. v. Ter Maat*, 195 F.3d 953, 955–956 (7th Cir. 1999), *cert.den*. (2000) 529 U.S. 1098. In *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 781 F.Supp. 1454, 1454 (N.D.Cal. 1991), *clarified*, 781 F.Supp 1452 *summary judgment gtd* 781 F.Supp 1454 (ND Cal 1991), a case cited by PanPacific, the court ruled on a separate claim of whether the corporate officer was personally liable as an owner or operator of a facility at which hazardous substances were disposed of under Section 107(a)(2) of CERCLA. *See also Jacksonville Elec. Authority v. Bernuth Corp.*, 996 F.2d 1107, 1108 (11th Cir. 1993) (sole claim presented was whether defendant was an "operator" so as to require contribution for "cleanup" costs of the land pursuant to CERCLA.)

Federal pleadings are notice pleadings. Fed.R.Civ.P. 8. As long as the other side receives fair notice of the nature of the claim, the complaint need not allege the legal theory on which recovery is being sought. *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995). Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

Here, the fourth cause of action asserts a claim arising out of the operator's responsibility for the contamination. The "label" does not establish a claim. A claim is sufficient if the facts alleged support any valid claim. Team and the Joneses "do not contest that individual may be held liable under CERCLA." (Doc. 214, Joint Reply Brief p.7.) Therefore, pursuant to the liberal pleading standards in federal court, the Court does not put form over substance. The motion to dismiss will be denied.

**B.     Motion to Strike Pursuant to Fed.R.Civ.P. 12(f)**

Team Third Parties move to strike the language "including attorneys' fees" from paragraph 135 and 13 of the prayer. (Doc. 183, Moving Papers p. 10.)

F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be

stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

Team argues that attorneys' fees cannot be awarded in the absence of allegations of a prior "action" between Team and a third party and which resulted from the third party's wrongdoing. Team argues that the basis for attorneys fees is the response to the Regional Water Board which is not a "principal action" to trigger a section 1021. 6 claim.[5]

California Code of Civil Procedure section 1021.6 ("section 1021.6"), provides that attorney's fees in an equitable indemnity cause of action are recoverable:

> Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and ( c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict. (Emphasis added.)

"[S]ection 1021.6's reference to the 'principle case' does not necessarily mean the original action filed by the plaintiff." *Wilson*, 70 Cal.App.4th at 1036, 83 Cal.Rptr.2d 192. "'[P]rincipal' refers to the action which caused the innocent indemnitee to defend itself and thereby incur attorney fees, as distinguished from the indemnitee's action for indemnity in which the section 1021.6 fees are sought."

---

[5] In a similar motion brought by defendant Vulcan Materials against Team Enterprises, this Court struck a 1021.6 claim because Team based its 1021.6 claim upon a response to the Regional Water Board. This Court held a response to the Regional Water Board does not equate to a principal action to trigger a section 1021.6 indemnity claim. (Doc. 108 Order p. 9.) In contrast and as explained *infra*, the principle action for PanPacific is defense of cross claims, third party claims or counterclaims.

13

*Wilson, McCall & Daoro v. American Qualified Plans, Inc.*, 70 Cal.App.4th 1030, 1036, 83 Cal.Rptr.2d 192 (1999) (quoting *John Hancock Mut. Life Ins. Co. v. Setser*, 42 Cal.App.4th 1524, 1533, 50 Cal.Rptr.2d 413 (1996)).

Team seems to argue that section 1021.6 attorneys fees cannot arise out of the same case, and one in which a cross claim is made. Here, PanPacific is defendant against third party claims brought by third parties in this litigation.

Counter claims, cross claims and third party claims are "principle actions" pursuant to 1021.6. See e.g., *Wilson, McCall & Daoro*, 70 Cal.App.4th at 1037 (A party required to defend a cross-complaint, including a cross complaint for indemnity, may be entitled to CCP 1021.6 fees). In *Uniroyal Chemical Co. v. American Vanguard Corp.*, 203 Cal. App. 3d 285, 249 Cal. Rptr. 787 (1988), plaintiffs claimed crop damage caused by a defective agricultural chemical. The manufacturer, wholesaler, and retailer were all sued and cross-complained against each other. The jury found the manufacturer entirely at fault. The retailer and wholesaler then requested 1021.6 attorney fees against the manufacturer. The Court of Appeal found both the retailer and the wholesaler entitled to section 1021 attorney fees on the cross complaint. *See also John Hancock Mutual Life Ins. Co. v. Setser*, 42 Cal.App.4th 1524 (1996). In *John Hancock*, the insurance company was sued by an individual who had bought a reverse mortgage from the Setser defendants who falsely claimed they were authorized agents of John Hancock. John Hancock cross-complained against the Setser defendants for indemnity. *John Hancock*, 42 Cal.App.4th at 1526. John Hancock obtained summary judgment that it was not liable to the plaintiff for the Setser defendants' actions. Id. pp. 1526-1527. Thereafter, the Setser defendants settled with the plaintiff and moved for a determination that their settlement was in good faith. Code Civ. Proc. § 877.6. John Hancock countered with a motion pursuant to section 1021.6 to recover attorney fees. The court held that the insurer was entitled to attorney fees as the prevailing party on its cross-complaint for implied indemnity against the other defendants. Thus, a party may claim section 1021.6 fees for defense of cross claims, counter claims and third party claims.

The motion to strike be denied on this claim.[6] Counter claims, cross claims and third party claims are principle actions pursuant to 1021.6.

**C.     Motion for More Definite Statement**

Team Third Parties argue that each of the causes of action fails to identify which specific claim is brought against which defendant. For instance, none of the headings of the causes of action defines against whom the claim is brought and the allegations are not clear.

PanPacific argues that, except for the fourth cause of action for Corporate Officer liability, each of the causes of action applies to the individual defendants and to Team Enterprises. PanPacific argues that the TPC is sufficiently specific to enable Team and the Joneses to prepare a responsive pleading.

**1.     Rule 12(e) Standards**

F.R.Civ.P. 12(e) empowers a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A F.R.Civ.P. 12(e) motion "attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *see Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). "A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveu*, 392 F.Supp.2d at 1169 (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)). A F.R.Civ.P. 12(e) motion is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted). With these standards in mind, this Court turns to Team Third Parties' challenges to the TPC.

**2.     Cause of Action headings**

It is common practice to incorporate by reference in later claims for relief various allegations made in earlier claims (typically allegations as to jurisdiction, venue, parties, sequence of events).

---

[6] The request for attorneys fees is stated within the cause of action for Equitable Indemnity which the Court has ruled will be dismissed with leave to amend.

15

Properly used, such incorporation promotes simple, concise pleadings. *See Fontana v. Harkin*, 262 F.3d 871, 877 (9th Cir. 2001). Here, the allegations in the TPC incorporate each preceding paragraph. Each of PanPacific's claims for relief incorporates by reference each and all of the preceding allegations. (*See, e.g.*, ¶¶57, 63, 66, 75, 84.) Each cause of action does not identify against whom the claim is asserted. Each cause of action is stated as against "Third Party Defendants," without specifying which of the Third Party Defendants are named. This lack of specificity creates unnecessary ambiguity among the parties. The parties are entitled to know the claims against each of them. Accordingly, the motion pursuant to Rule 12(e) will be granted with leave to amend.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend the Tenth Cause of Action, the Eleventh Cause of Action, the Twelfth Cause of Action, the Thirteenth Cause of Action, the Fourteenth Cause of Action, and the Eighteenth Cause of Action;
2. DENIES the motion to strike; and
3. GRANTS the motion for more definitive statement.

IT IS SO ORDERED.

**Dated: May 19, 2009**        /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE