UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC., | 1:08-cv-00872-LJO-SMS |
| Plaintiff, | **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR STAY OF DISCOVERY PENDING MEDIATION** (Doc. 263) |
| vs. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, et al., | |
| Defendants. | |
| AND RELATED COUNTER, CROSS, AND THIRD-PARTY ACTIONS. | |

Filed on Friday, November 6, 2009, at 2:04 p.m., the Court received and reviewed Defendants PKII Century Center LP, Pan Pacific Retail Properties, Inc./LLC, Kimco Realty Corporation, and Prudential Real Estate Investors application for ex parte order shortening notice time on motion for stay of discovery pending mediation; declaration of Anna L. Nguyen in support thereof, and proposed order (Doc. 263) on Monday morning, November 9, 2009. The court was out of chambers on November 5, 2009, in the afternoon and throughout the weekend on court

1

business. Plaintiff/Third-Party Defendants Team Enterprises' (Doc. 264) and Defendants R.R. Street & Co. Inc. (Doc. 265) oppositions hereto were received and reviewed on November 9, 2009. Defendant Legacy Vulcan Corp.'s opposition (Doc. 266) hereto was received and reviewed on November 10, 2009.

The Court finds there is *not* good cause to shorten time for purposes of hearing this motion in conjunction with Defendants' noticed motion for protective order, set for hearing on November 13, 2009 (Doc. 252). Due to the press of business for the courts in the Eastern District of California, and, specifically, due to the email responses attached to the exhibits to the motion for stay, from other named defendants in this lawsuit regarding their disagreement with staying discovery pending mediation, the Court finds there to be insufficient time for all parties potentially impacted with this matter of a discovery stay to weigh in timely prior to a motion four (4) days hence.

Further, this Court is sufficiently concerned with its own order after informal telephonic status conference on October 26, 2009, that this case be mediated no later than January 31, 2010 (Doc. 260). Indeed, if the parties wish to privately mediate, the Court is quite supportive. However, if there is disagreement among the parties that the case is in mediation posture, the Court cautions that setting such a session and relying on the Court to micromanage discovery and other disputes up to a mediation deadline is not the best and highest use of the Court's resources when law and motion hearing dates are at a premium.

The Court did *not* "effectively institute[d] a litigation hold at the October Status Conference by ordering the parties to

2

mediation by January 31, 2010" as Defendant Pan Pacific argues in its points and authorities for stay of discovery.  The Court does not recall that issue being raised.  Inasmuch as there appears to be a disagreement regarding conducting discovery up to the mediation, this Court defers that issue for resolution in the future.  <u>Note</u>: The court makes *no* representation that the matter can or will be heard informally or formally by noticed motion prior to any mediation.

Lastly, the Court is concerned with the focus of the mediation anticipated by the various parties.  Whether it is to determine who is responsible for creating the pollution, or what the depth and breadth of the pollution consists of, or what the remediation costs are, and/or who is responsible for paying for those costs, it seems wise to have all the identities and former identities of each and every defendant disclosed.

Telephonic appearances at the November 13, 2009, hearing are welcomed.  It would be helpful for <u>all</u> parties to appear regardless of whether each has a stake or a position in the motion for protective order.  The Court may well want/need to clarify or change its order of October 26, 2009.

IT IS SO ORDERED.

**Dated:   November 10, 2009**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

3