UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC, | 1:08-cv-00872-LJO-SMS |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF AND PLAINTIFF'S PRIMARY INSURER TO PARTICIPATE IN FURTHER MEDIATION SESSION** |
| vs. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, et al., | (Doc. 363) |
| Defendants. / | |

This matter came on regularly for a telephonic status conference on July 26, 2011 at 11:00 a.m. before the Honorable Sandra M. Snyder, United States Magistrate Judge.  Jan A. Greben, Esq., of Greben & Associates appeared telephonically on behalf of Plaintiff, Team Enterprises.  Rita M. Alliss Powers, Esq., of Greenberg Traurig, LLP, appeared telephonically on behalf of Defendants, PK II Century Center, LP, Pan Pacific Retail Properties, Inc., Kimco Realty Corporation, and Prudential Real Estate Investors.  Robert C. Goodman, Esq., of Rogers Joseph O'Donnell appeared telephonically on behalf of Defendants, John A. Branagh, Lynette F. Branagh, Gaylon C. Patterson, Marla J. Patterson, Modesto Center Investors, LP, and MC II, LP.

1

    Frustration in abundance, all counsel related that the parties have reached a global accord in sessions with Mediator Randall Wulff save and except with regard to "an issue" relating to and/or impacting Team Enterprise's primary insurer.  Defense counsel informed this Court that, absent Team's primary insurer being willing to participate in follow-up mediation with Mr. Wulff, they will be forced to file motions to enforce the settlement.

    The United States District Court for the Eastern District of California sports the largest weighted caseload per judge in the entire United States.  Hence, it goes without saying, some cases need to resolve short of trial.  This particular action is an old case by federal standards, and the undersigned has spent countless hours with all counsel resolving discovery disputes and focusing various arguments and positions with an eye on successful mediation.  That, of course, is in the best interest of all parties as well as the court.

    Believing that all counsel, parties, and most carriers came to the mediation table in a cooperative mode and mood to resolve what surely has turned into massively expensive litigation for all concerned, to hear that one insurer "...refuses to participate in the settlement due to [an] issue..." with indications that further mediation will not help resolve the one remaining "issue" is nothing short of contemptuous if, indeed, that is true.

    Therefore, Team Enterprises, LLC, and its primary insurer are HEREBY ORDERED to IMMEDIATELY schedule further mediation with Randall Wulff, and to engage in open, cooperative, and especially

2

conciliatory negotiations to attempt to reach a firm and final settlement in this case.  Counsel for Defendants shall appear at the further mediation, but the parties themselves and the carriers for Defendants are not required to appear.

Should this Court learn from any source, including but not limited to defense counsel and/or Mediator Wulff, that the further mediation was not fruitful due to the recalcitrance of Team Enterprise's "primary carrier," contempt proceedings may well be scheduled by this Court.

IT IS SO ORDERED.

**Dated:   July 29, 2011**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE