# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC, | CASE NO. 1:08-cv-00872-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6 AND ISSUANCE OF AN ORDER BARRING CONTRIBUTION PURSUANT TO 42 U.S.C. § 9613(f) (CERCLA § 113(f)(2)) |
| v. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, et al., | |
| Defendants. | (Doc. 379) |

On or about October 7, 2011, three groups of parties to this litigation (the "Settling Parties") agreed to final settlement of this matter. The first group ("Team") includes Plaintiff Team Enterprises, LLC; and Third-Party Defendants Team Enterprises, Inc.; Thomas Jones; Frederic Jones; and Eric Jones. The second group ("MCI") includes Defendants Modesto Center Investors, LP; MC II, LP; John A. Branagh; Lynette Branagh; Gaylon C. Patterson; and Marla J. Patterson. The third group ("PK II") includes Defendants PK II Century Center LP; Kimco Realty Company; Pan Pacific Retail Properties, LLC; Pan Pacific Realty Properties, Inc.; and Prudential Real Estate Investors. A copy of the settlement agreement and its exhibits was filed with the Court as Exhibit A to the November 3, 2011 Declaration of Robert C. Goodman (Doc. 377).

1   The Setting Parties' operative claims are set forth in (1) MCI's Second Amended
2   Crossclaim and Second Amended Counterclaim (Doc. 158); (2) MCI's Third Amended
3   Counterclaim (Doc. 217); (3) Team's Third Amended Complaint (Doc. 211); (4) PK II's First
4   Amended Third-Party Complaint (Doc. 233); (5) PK II's Counterclaims and Crossclaims (Docs.
5   83, 84, 87, and 89); and (6) the Stipulated Order Joining Pan Pacific Retail Properties, LLC (Doc.
6   251).

7   The Settling Parties in this action have stipulated and moved this Court to determine that
8   their settlement agreement (1) is made in good faith pursuant to California Code of Civil
9   Procedure §§ 877 and 877.6; (2) satisfies the requirements for a contribution bar, regardless of
10  when or by whom such claims are asserted, including all claims for litigation costs and attorneys'
11  fees, by any party to the lawsuit that is not a party to the settlement agreement (a "Non-Settling
12  Party"), pursuant to 42 U.S.C. § 9613(f) (CERCLA § 113(f)(2)); (3) is encompassed by a
13  settlement agreement that constitutes a judicially approved settlement for purposes of 42 U.S.C.
14  § 113(f)(2) (CERCLA § 113(f)(2)), and bars claims under any other federal or state statute or
15  common law.

16  The undersigned heard argument on the motion on December 6, 2011.  Attorney Jan A.
17  Grebin appeared telephonically on behalf of Team; attorney Robert C. Goodman appeared
18  telephonically on behalf of MCI; and attorney Rita M. Allis Powers appeared telephonically on
19  behalf of PK II.  Despite notice to all parties and their attorneys of record (Doc. 376), no other
20  party appeared.

21  Having fully reviewed the Settling Parties' motion, all supporting documents, and
22  applicable law, and having heard the Settling Parties' arguments at the motion hearing on
23  December 6, 2011, the undersigned recommends that the District Court grant the Settling Parties'
24  motion and that

25  1. The District Court find and determine that the Settling Parties entered into
26     the settlement in good faith as defined by California Code of Civil
27     Procedure §§ 877 and 877.6;
28  2. The District Court approve the Settlement as a good faith settlement;

3.     The District Court bar, pursuant to 42 U.S.C. § 9613(f) (CERCLA § 113 (f)(2)) and California Code of Civil Procedure § 877.6, all claims by any Non-Settling Party for contribution or indemnity against the Settling Parties arising out of facts alleged in Team's Third Amended Complaint (Doc. 211), and as further identified and provided for in the settlement agreement, regardless of when or by whom such claims are asserted. The barred claims shall include any and all claims for litigation costs, attorneys' fees, or both, by any Non-Settling party. The order shall also provide that the claims are barred whether they are brought pursuant to CERCLA or pursuant to any other federal or state law;

4.     The District Court order the Settling Parties to dismiss this action according to the process outlined in paragraph 13 of the settlement agreement; and

5.     The District Court order that the settlement constitutes a judicially approved settlement for purposes of 42 U.S.C. § 9613 (f)(2) ( CERCLA § 113(f)(2)).

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that, by failing to file objections within the specified time, a party may waive its right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **December 7, 2011**           /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE