# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TEAM ENTERPRISES, LLC,

                       Plaintiff,

    v.

WESTERN INVESTMENT REAL
ESTATE TRUST, et al.,

                     Defendants.

_____/

CASE NO. 1:08-cv-00872-LJO-SMS

**ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS RECOMMENDING
THE DETERMINATION OF GOOD FAITH
SETTLEMENT PURSUANT TO
CALIFORNIA CODE OF CIVIL
PROCEDURE § 877.6 AND ISSUANCE OF
AN ORDER BARRING CONTRIBUTION
PURSUANT TO 42 U.S.C. § 9613(f)
(CERCLA § 113(f)(2))**

(Doc. 385)

On or about October 7, 2011, three groups of parties to this litigation (the "Settling Parties") agreed to final settlement of this matter. The first group ("Team") included Plaintiff Team Enterprises, LLC; and Third-Party Defendants Team Enterprises, Inc.; Thomas Jones; Frederic Jones; and Eric Jones. The second group ("MCI") included Defendants Modesto Center Investors, LP; MC II, LP; John A. Branagh; Lynette Branagh; Gaylon C. Patterson; and Marla J. Patterson. The third group ("PK II") included Defendants PK II Century Center LP; Kimco Realty Company; Pan Pacific Retail Properties, LLC; Pan Pacific Realty Properties, Inc.; and Prudential Real Estate Investors. The Settling Parties stipulated and moved the Court to determine that their settlement agreement (1) was made in good faith pursuant to California Code of Civil Procedure §§ 877 and 877.6; (2) satisfied the requirements for a contribution bar, regardless of when or by whom such claims are asserted, including all claims for litigation costs and attorneys' fees, by any party to the lawsuit that is not a party to the settlement agreement (a "Non-Settling Party"), pursuant to 42 U.S.C. § 9613(f) (CERCLA § 113(f)(2)); (3) is encompassed by a settlement agreement that constitutes a judicially approved settlement for purposes of 42 U.S.C. § 113(f)(2) (CERCLA § 113(f)(2)), and barred claims under any other federal or state statute or common law.

    The Magistrate Judge heard argument on the motion on December 6, 2011, and

recommended that the District Court grant the Settling Parties' motion and make certain findings and determinations.  The Findings and Recommendations provided fourteen days for the filing of objections.  The fourteen-day period has passed, and no party has objected.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of this case.   Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and proper analysis.

Accordingly, the Court hereby adopts the Findings and Recommendations and orders that the Settling Parties' motion be granted.  In addition, the Court

1.  Finds that the Settling Parties entered into the settlement in good faith as defined by California Code of Civil Procedure §§ 877 and 877.6;

2.  Approves the Settlement as a good faith settlement;

3.  Pursuant to 42 U.S.C. § 9613(f) (CERCLA § 113 (f)(2)) and California Code of Civil Procedure § 877.6, bars all claims by any Non-Settling Party for contribution or indemnity against the Settling Parties arising out of facts alleged in Team's Third Amended Complaint (Doc. 211), and as further identified and provided for in the settlement agreement, regardless of when or by whom such claims are asserted.  The barred claims include any and all claims for litigation costs, attorneys' fees, or both, by any Non-Settling party.  The claims are barred whether they are brought pursuant to CERCLA or pursuant to any other federal or state law;

4.  Orders the Settling Parties to dismiss this action according to the process outlined in paragraph 13 of the settlement agreement; and

5.  Orders that the settlement constitutes a judicially approved settlement for purposes of 42 U.S.C. § 9613 (f)(2) ( CERCLA § 113(f)(2)).

IT IS SO ORDERED.

Dated:   December 22, 2011              /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE